## FORD v. SOUTHERN RAILWAY COMPANY.

Upon a review of the record in this case, it appears that the Court of Appeals and not the Supreme Court has jurisdiction of this case.

No. 4324.　OCTOBER 16, 1924.

Garnishment, etc.　Before Judge Ellis.　Fulton superior court. January 30, 1924.

*R. R. Jackson* and *T. L. Lanford,* for plaintiff.

*W. O. Wilson,* for defendant.

BECK, P. J.　Upon consideration of the record in this case, we are of the opinion that this court is without jurisdiction to decide the same, and that the Court of Appeals has jurisdiction.　In the bill of exceptions it is recited that the case was heard in the superior court of Fulton County, and that the question involved was one of "sustaining or overruling a traverse of garnishee's answer.　The issue was submitted by agreement to the judge, without the intervention of a jury, to pass on the law and facts." The affidavit upon which the garnishment issued is the usual affidavit in garnishment cases, the plaintiff deposing that the defendant is indebted to him in the sum of $11 upon a claim, and that he has commenced suit upon his claim, and that the suit is pending and returnable to the superior court of Fulton County; that affiant has reason to apprehend the loss of said sum or a part thereof, unless process of garnishment do issue.　This was duly sworn to.　The usual bond was given, and summons of garnishment issued thereupon, directed to the Southern Railway Company.　The garnishee made answer upon oath, deposing that at the time of the service of the summons the garnishee had in its possession, custody, or control no money, property, or effects

belonging to the defendant, nor had any money, property, or effects belonging to the defendant come into its hands since the date of the service; that at the time of the service of the summons of garnishment the garnishee owed the defendant a stated sum of money, and became since that date indebted to the defendant in another stated sum. Garnishee further answered as follows: "This garnishee says that the above-named defendant is now, and was at the time of the institution of the suit aforesaid, a non-resident of the State of Georgia, residing in the City of Knoxville and State of Tennessee; that the money admitted above to have been earned by the said defendant was earned wholly within the State of Tennessee, and was payable to said defendant outside of the State of Georgia, and at the City of Knoxville in the State of Tennessee. . . This garnishee says that the above-named defendant has not waived process, has not acknowledged service, and has in no way entered an appearance in said case, and that said case is proceeding against the said defendant as a non-resident, and service is being and will be perfected upon said defendant by publication only. By reason of these facts, this garnishee says that no judgment has been or can be rendered in the main case upon which a judgment can be taken against this garnishee; and for this reason this garnishee says that the funds named above as having been earned by the said defendant are not subject to this process of garnishment."

The plaintiff thereupon, in due time, filed his traverse to the answer of the garnishee, denying the paragraphs of the answer, which are just set forth. And as a further ground of traverse plaintiff says: "The garnishee is subject to the jurisdiction of the superior court of Fulton County, and that the amount of the indebtedness admitted by garnishee in this answer to be due the defendant, Theo Watson, is collectible under the laws of the State of Georgia, from the said garnishee in said county in this garnishment proceeding, for the purpose of paying said defendant's creditors in this State, to wit, plaintiff in this garnishment proceeding." When the case was called for trial the plaintiff introduced the entire record in the main suit; that is, the suit of the plaintiff against the defendant Watson, to recover judgment upon his claim for the sum of $11, together with interest and cost. In that suit it was alleged that the defendant was a non-resident of the State and

liable to the plaintiff in the sum of $11; and plaintiff further set forth the nature of the claim, and alleged that the defendant had property in the State of Georgia in the form of an indebtedness on the part of the Southern Railway Company to the defendant, and that this indebtedness to the defendant will be collectible by the defendant in a suit against the railway company in this State and county. He further alleged that "the Southern Railway Company and said defendant are subject to the lawful and equitable process and procedure of said court in this matter," and prayed that plaintiff have "a verdict and decree in his favor against the said defendant's debt." This suit, however, upon the claim, in which a judgment against the "defendant's debt" was sought, was not the case on trial which resulted in the judgment brought before the reviewing court by writ of error. The case on trial arose out of garnishment proceedings and the traverse of the garnishee's answer, which was decided adversely to the plaintiff; and a decision of that question and issue, upon review, does not fall within the jurisdiction of this court. For the reasons set forth above the case is remanded to the Court of Appeals.                          *            *All the Justices concur.*